## HANCOCK *a.* PALMER.

*Supreme Court, First District; General Term, March,* 1864.

BILLS AND NOTES.—ACCOUNT STATED.—DEFENCE.—ESTOPPEL.— COUNTER-CLAIM.

The giving of a negotiable security for a demand does not preclude the debtor from setting up a defence which was in existence when the security was given. *So held*, where the action was upon such subsequent security, and not upon the original demand.

These were two similar actions, by William Hancock and John Foley against Thomas Palmer; the first, brought upon five

bills of exchange drawn by the plaintiffs upon the defendant, and accepted by him; and the other, upon two promissory notes of the defendant, drawn to the order of the plaintiffs, amounting in the whole to $16,856.55.

The defendant answered by way of counter-claim only, and alleged that the defendant was building a railroad, and contracted with the plaintiffs to deliver him the iron rails at Brooklyn, at certain specified times and at a specified place, as appeared by the contract, of which a copy was annexed, and that the bills were accepted and the notes given in payment for said iron; that the plaintiffs did not comply with their contract in many particulars; that they neglected to deliver the iron at the stipulated time and place; and that they did not pay the freight for it, after they had received the money from the defendant for that purpose, thereby obliging him to send for it to Elizabethport, detaining the lighters there and causing him great expense. He alleged damages to the amount of $15,000, and claimed judgment therefor.

The plaintiffs replied to the answers, admitting the contract, but averring due performance, and denying every other allegation of new matter constituting the counter-claim. The contract was made October 8th, and the iron was to be delivered, 100 tons within ten days thereafter, and the balance of 550 tons in lots of 100 tons each, one lot each ten days thereafter. The bills of exchange were given October 24th, November 1st, November 20th, and November 25th, 1861, and the promissory notes were given December 13th and December 21st, 1861. The plaintiffs then moved for judgment upon the pleadings for the amount claimed. The motion was granted by the court, and the defendant excepted.

From the judgments so recovered, defendant appealed.

*David Dudley Field*, for the appellant.—I. The ruling necessarily implied not merely that the defendant had made no valid defence to the complaint, but that the facts stated in his answers constituted no valid counter-claim, even if they were true.   1. These facts could have been pleaded under the former practice by way of cross-action or of recoupment; and they are in this case well pleaded as a counter-claim. (Graves *a*. Legg, 9 *Exch.*, 717.)   2. By accepting the bills and giving the notes, the de-

fendant waived only his right to refuse to make the payment, stipulated by the contract, on the ground of the plaintiff's failure to deliver the iron at the agreed time and place. (Hasbrouck *a*. Tappen, 15 *Johns.*, 200.) 3. But waiver of the non-performance at the agreed time and place, is not a waiver of the damage which resulted from the default in these respects. (Barber *a*. Rose, 5 *Hill*, 76; Hasbrouck *a*. Tappen, 15 *Johns.*, 200; Allaire *a*. Whitney, 1 *Hill*, 484; 1 *N. Y.* (1 *Comst.*), 305; McKnight *a*. Dunlop, 5 *N. Y.*, 537, 544; Bowman *a*. Teall, 23 *Wend.*, 306.)

II. The court erred in refusing to permit the defendant to prove the facts set forth in his answers. Even if it were conceded that by accepting the bills and giving the notes the defendant waived all damages which he knew had then accrued to him, yet it is obvious that the same principle will not include damages not then apparent. (Mitchell *a*. Wiscotta Land Co., 3 *Clarke* (*Iowa*), 209; Robinson *a*. Brinson, 20 *Texas*, 438.) It was error to refuse to permit proof of damages resulting from the plaintiffs' neglect to pay the freight-money on the iron, after it had been paid to them by the defendant. This was a matter entirely apart from the giving of the bills and notes; and if the acceptances waived any damages, resulting from failure to perform at the agreed time and place, the waiver certainly did not include damages like these, which were entirely independent of, and subsequent to, the making of the acceptances. (Spalding *a*. Vandercook, 2 *Wend.*, 431.)

*Charles Matthews*, for the respondents.—I. The court was right in directing the jury to find a verdict for the plaintiff upon the pleadings. The freight was to constitute a part of the price of the iron, and was to be paid and deducted before the amount to be paid in cash and in notes could be ascertained. The giving of the notes, in the absence of any averment to the contrary, admits the settlement of the freight and the payment of one-half in cash, as provided for in the contract.

II. Before the answer can be held to constitute a counter-claim for the expenses of lighterage from Elizabethport to Brooklyn, there must be an averment that such expenses were not included in the settlement of the freight, which was necessarily made before the notes were given.

III. The damage for any delay in delivering the iron according to contract, was waived by the giving of the notes. (10 *Barb.*, 376 ; 7 *Pick.*, 52 ; 4 *Cow.*, 564.)

IV. The other claims for damages are too remote and contingent. (14 *Wend.*, 219 ; 7 *Hill*, 61; 16 *N. Y.*, 489 ; *Sedgwick on Dam.*, 301, 302 ; *Parsons on Cont.*, 461,)

V. The acceptance of goods without objection at a place other than that stipulated in the contract, is a waiver of the place of delivery. So, also, when goods are to be delivered within a certain time, the acceptance of the same after that time, and paying therefor, is a waiver of any damage which the party may have sustained. (1 *Story on Cont.*, § 32, *a.*)

PECKHAM, J.—The action was upon certain acceptances of the defendant. The defendant set up that the acceptances were given on account of certain railroad iron which the plaintiffs had agreed to deliver "on the wharf in Brooklyn" at certain times, pursuant to a contract to that effect. That by the contract, a copy whereof is set forth in the answer, the plaintiffs were to deliver said iron, "the first hundred tons in ten days from that date, and the balance in one hundred ton lots at intervals of ten days." The answer avers that the plaintiffs never, in any instance, delivered any of said iron at Brooklyn, but delivered it at Elizabethport, New Jersey, against the wishes and without the consent of the defendant, and thereby obliged the defendant to send for it, to his great loss and expense. This is the substance of the defence set up in the answer. There may be some informality in its statement, but it is sufficiently stated to apprize the plaintiffs of the defence intended.

I incline to think that the defendant was at liberty to prove this defence, and that the giving of the notes did not necessarily and conclusively waive it. (Barber *a.* Rose, 5 *Hill*, 76 ; Allaire *a.* Whitney, 1 *Ib.*, 484; McKnight *a.* Dunlop, 5 *N. Y.* (1 *Seld.*), 537, 544 ; Bowman *a.* Teall, 23 *Wend.*, 306.)

The answer avers that the iron was delivered there without the defendant's consent, to his great damage. This may be proved to be true, though the transaction, as presented by the giving of the notes after the delivery, looks strongly the other way.

Judgment reversed.

CLERKE, J.—Even partial payment does not estop a party from setting up his defence to the demand. *A fortiori*, the giving of a bill of exchange, or the acceptance of it, cannot have that effect. (See Lounsbury *a.* Depew, 28 *Barb.*, 44.)

SUTHERLAND, J., concurred.

Judgment reversed, and new trial ordered.